IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PRINCETON INDUSTRIAL PRODUCTS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 7160 |
| | ) | |
| v. | ) | Magistrate Judge Cole |
| | ) | |
| PRECISION METALS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Princeton Industrial Products and Precision Metals entered into a contract calling for plaintiff to supply certain machined parts for the defendant to use in weapon mounts it was producing for the United States government. Their relationship commenced in March of 2009. On July 21, 2010, the buyer for defendant, Rose Schleifer, sent an email to Kendall Knapik of the plaintiff with "schedule for [defendant]" for June through December. The schedule represented an increase in the quantity of parts that defendant had ordered from plaintiff, and Mr. Schleifer wrote: "[l]et me know if there will be any problems meeting this schedule." [Dkt. # 12-2, at 65].

Apparently, there were not, as plaintiff provided the new numbers and defendant paid for the shipments in due course – for over a year. But, after September 26, 2011, defendant made no further payments. Defendant has refused to pay the outstanding balance of $100,660.09. Plaintiff has sued under theories of breach of contract and unjust enrichment. The defendant has moved for summary judgment, arguing that plaintiff did not follow defendant's contractual procedures when it attempted to accept the revision in quantity of parts. It claims there had to be a written revision signed by its authorized representative in order for any change to be valid.

It also claims that plaintiff violated its own internal operating procedures because Ms. Knapik increased the order as per the email from defendant without getting a new purchase order from defendant. Defendant also claims that the parties had previously only modified a purchase order according to plaintiff's operating procedure, *i.e.*, with a revised purchase order signed by an authorized agent. Specifically, Ms. Knapik had required revised purchase orders for modifications both before and after the July 21, 2010 email, and that she even asked for one in the wake of that very email. Finally, defendant argues that plaintiff cannot maintain an unjust enrichment claim because the parties' relationship is governed by contract and defendant has derived no benefit from the overshipments, even offering to return the excess parts.

Apart from general, undisputed summary judgment principles and cases dealing with unjust enrichment, the defendant's eight-page brief does not have any case law on contracts, either generally or on specific points like modification of terms or course of dealing. No does it explain what law applies to the parties' relationship – as the plaintiff points out in its response. The brief neither refers to any federal nor does it refer to any UCC provisions, although this is a case between merchants. In saying this, I do not mean to be critical of counsel, but these are the indisputable facts, and they have a consequential impact on the defendant's motion for summary judgment.

As the moving party, the defendant has the initial burden of establishing its entitlement to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). This burden cannot be met where the motion is unsupported by any citations to cases or other authority. The Seventh Circuit has held, time and time again, that an argument that is unsupported by pertinent authority is deemed waived. *See e.g., Taylor-Novotny v. Health Alliance Medical Plans, Inc.*, 772 F.3d 478, 497 n.78 (7th Cir. 2014); *Williams v. Dieball*, 724 F.3d 957, 961 (7th Cir. 2013); *United States v. Hassebrock*,

663 F.3d 906, 914 (7th Cir. 2011); *Lee v. Chicago Youth Centers*, _F.Supp.2d_, 2014 WL 50177855, *3 (N.D.Ill. 2014)(collecting Seventh Circuit cases). While plaintiff made mention of deficiencies in defendant's brief, even if it had not, it would not matter. The waiver doctrine is "designed for [the court's] own protection as much as that of an opposing party, and therefore need not be asserted by a party for [the court] to invoke it." *Hassebrock*, 663 F.3d at 914. We apply it here, because it would be decidedly unfair to grant a summary judgment motion unsupported by case law against a party that has submitted an appropriately supported response brief. It would be as if the court were acting as an advocate for one side against the other. And that it cannot do. *Williams v. Dieball*, 747 F.3d 957, 961 (7th Cir. 2013); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011).

This is not to say defendant necessarily would have succeeded in any event. The centerpiece of defendant's argument for summary judgment is that plaintiff did not follow the rules regarding modifications of purchase orders. According to defendant, the parties were bound by paragraph 8 of the purchase order terms, which required that orders "shall not be changed or modified in any way except by written instrument signed by an authorized representative of purchaser, . . . ." [Dkt. # 47, at 3; Dkt. # 51, ¶ 12; Dkt. #50-1, at 54]. But while defendant asserts that July 2010 the email from its buyer to plaintiff's representation increasing defendant's parts requirements does not constitute a "written instrument signed by an authorized representative of purchaser," it does not explain why. [Dkt. # 47, at 3-4]. It turns out – as we finally learn in defendant's reply brief – defendant doesn't think an email can constitute a signed written instrument. But defendant dismisses case law holding that a sender's name on an email – like Ms. Schleifer's here – *does* constitute a signature on a written instrument. *Cloud Corp. v. Hasbro, Inc.*, 314 F.3d 289, 296 (7th Cir. 2002). Defendant attempts to distinguish the holding on its facts but the bottom line remains.

3

This is just an abbreviated example of how some of the deficiencies in defendant's presentation counsel against ignoring any waiver and soldiering through. Defendant's presentation is not even terribly convincing that plaintiff's ever saw paragraph 8 or knew about it. On this point, defendant references a provision at the bottom of every purchase order it ever issued to plaintiff:

> This order is also subject to the terms and conditions appearing hereon and on page 2 (QMF-31) and by accepting this order the seller agrees to be bound thereby. Any questions pertaining to the above requirements should be directed to the PMC Buyer.

[Dkt. # 51, ¶ 10; Dkt. #50-1, at 7-53]. But, of the 47 purchase orders submitted by PMC in support of its motion for summary judgment, only one – dated July 21, 2011 – includes a page 2 or QMF-31. [Dkt. # 50-1, at 53-54]. And that was over a year after the change at issue here.

There is also the matter of defendant having accepted the overshipments regardless of what procedures had been followed or not followed when the order was increased. "Under the UCC, goods are deemed accepted if the buyer (or, we think it clear though we cannot find any case, its delegate) fails, after having had a reasonable amount of time in which to inspect them, to communicate its rejection to the seller." *Micro Data Base Systems, Inc. v. Dharma Systems, Inc.*, 148 F.3d 649, 655 (7th Cir. 1998)(citing UCC § 2–606(1)(b)). Defendant claims this was first done by email – again from Ms. Schleifer to Ms. Knapik – on May 3, 2011. [Dkt. #47, at 10; Dkt. # 51, ¶38]. But the evidence defendant says supports this assertion – cited as Esford Aff. Ex. A (Princeton 001191-001192) – is nowhere to be found. Exhibit A consists of 95 pages, making it difficult to parse without an exact page citation, which is, of course, required under the local rules. *See Ammons v. Aramark Unif. Servs.*, 368 F.3d 809, 817–18 (7th Cir. 2004) ("Citations to an entire transcript of a deposition or to a lengthy exhibit" do not comply with Local Rule 56.1). The "Princeton" pages in the exhibit begin at 000001, then skip from 000002 to 000297. Thereafter, while the pages appear

4

to continue in numerical order, dozens or even hundreds are skipped here and there. And so, Princeton 000970 is followed by Princeton 1233. There are no pages 001191 or 001192.

This is not meant to imply that any of this is dispositive. There would be, for instance, a course of dealing argument to consider – if it had been properly developed and supported. It is meant merely to show how perilous and improper granting summary judgment would be and how unfair it would be to the plaintiff had the motion been granted, which would have required, quite improperly, the court to do the legal research for counsel. This is something the Seventh Circuit will to allow the court to do. *Williams, supra*, 724 F.3d at 961.

But that still leaves plaintiff's unjust enrichment claim. The plaintiff states that this claim must stand because it is plead in the alternative, pointing to its amended complaint. [Dkt. #56, at 12]. Of course, "a party may plead claims in the alternative, i.e., [they] may plead a claim for breach of contract as well as unjust enrichment." *Cohen v. American Sec. Ins. Co.*, 735 F.3d 601, 615 (7th Cir. 2013). But this option is limited. As the Seventh Circuit has explained:

> Of course, a party may plead claims in the alternative, *i.e.,* she may plead a claim for breach of contract as well as unjust enrichment. But the inconsistent-pleading option in this context is limited. A plaintiff may plead as follows: (1) there is an express contract, and the defendant is liable for breach of it; and (2) if there is not an express contract, then the defendant is liable for unjustly enriching himself at my expense. That's not what [plaintiff] is alleging here. She acknowledges throughout that there is an express contract. She claims that [defendant] is liable for breaching this express contract but that if it did not breach the contract, then it owes damages for unjust enriching itself. This manner of pleading unjust enrichment is impermissible: [W]hile [a] plaintiff may plead breach of contract in one count and unjust enrichment and promissory estoppel in others, it may not include allegations of an express contract which governs the relationship of the parties, in the counts for unjust enrichment and promissory estoppel.

*Cohen*, 735 F.3d at 615(citations and quotations omitted). But that's what the plaintiff has done

5

here. Plaintiff's Count II claim for unjust enrichment incorporates by reference all of its breach of contract allegations. [Dkt. #12, ¶ 21]. Accordingly, Count II of plaintiff's amended complaint must be dismissed.

## CONCLUSION

The defendant's motion for summary judgment [Dkt. # 48] is DENIED, but Count II of plaintiff's amended complaint is dismissed.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 4/16/15